**FILED**

NOV 1 5 2007 *rg*

Nov. 15, 2007

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JH

Zachary A McGraw JR )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
)
v. )
The city of chicago + )
Dept of Aviation )
_____ )
(Name of the defendant or defendants) )

CIVIL ACTION

**07CV6481**
**JUDGE ZAGEL**
**MAG.JUDGE COX**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Zachary A McGraw JR_ of the county of _Cook_ in the state of _Illinois_.

3. The defendant is _The city of chicago + Dept of Aviation_, whose street address is _City Hall 121 N Lasalle Law Dept._ (city) _Chicago_ (county) _Cook_ (state) _IL_ (ZIP) _60602_ (Defendant's telephone number) _312 - 744-4000_

II The plaintiff sought employment or was employed by the defendant at (street address) _City Hall 121 N Lasolle ST Room 1100_ (city) _Chicago_ (county) _Cook_ (state) _IL_ (ZIP code) _60602_

5. The plaintiff [*check one box*]

   (a) ☐  was denied employment by the defendant.

   (b) ☐  was hired and is still employed by the defendant.

   (c) ☒  was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month) _JUNE_ , (day) _4_ , (year) _1997_ .
_NOVEMBER_ _20_ _1998_

7.1 **(Choose paragraph 7.1 or 7.2, do not complete both.)**

(a) The defendant is not a federal governmental agency, and the plaintiff [_check one box_] ☐ has not ☒ has filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

(i) ☐ the United States Equal Employment Opportunity Commission, on or about (month) _11_ (day) _20_ (year) _1998_ .
_2_ _17_ _1999_

(ii) ☐ the Illinois Department of Human Rights, on or about (month) _11_ (day) _20_ (year) _1998_ .

(b) If charges _were_ filed with an agency indicated above, a copy of the charge is

attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

☒ Yes (month) _December_ (day) _14_ (year) _2001_

☐ No, did not file Complaint of Employment Discrimination

2. The plaintiff received a Final Agency Decision on (month) _September_ (day) _28_ (year) _2001_ .

c. Attached is a copy of the

a. Complaint of Employment Discrimination,

☒ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☒ YES ☐ NO, but a copy will be filed within 14 days.

8.   *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☐ the United States Equal Employment Opportunity Commission has not issued a

         *Notice of Right to Sue.*

    (b) ☒ the United States Equal Employment Opportunity Commission has issued a

         *Notice of Right to Sue*, which was received by the plaintiff on

         (month) _____9_____ (day) _28_ (year) _2001_ a copy of which *Notice*

         is attached to this complaint.

9.   The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

    (a) ☐ Age (Age Discrimination Employment Act).

    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10.  If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.  Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.  The defendant *[check only those that apply]*

    (a) ☐ failed to hire the plaintiff.

    (b) ☐ terminated the plaintiff's employment.

    (c) ☒ failed to promote the plaintiff.

(d)☐ failed to reasonably accommodate the plaintiff's religion.

(e)☐ failed to reasonably accommodate the plaintiff's disabilities.

(f)☐ failed to stop harassment;

(g)☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h)☐ other (specify): *because I Filed A Race Discrimination Case with city of chicago commission And E.E.O.C. Employment discrimination*

13. The facts supporting the plaintiff's claim of discrimination are as follows:

*had interview in 1997, 1998 was not selected because of unlawful political discrimination connection with not Being promoted. From custodial position. now found guilty Ass commissioner Timothy mccarthy For Rigged interview and fraud and corruption and cheating*

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully *Next page* discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES    ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check only those that apply]

(a)☐ Direct the defendant to hire the plaintiff.

(b)☒ Direct the defendant to re-employ the plaintiff.

(c)☒ Direct the defendant to promote the plaintiff.

(d)☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

Page
A. "UNLawFuL" politicaL discrimination.
Under The Shakman decree,
and Judgement. have The Right
To OpT-OUT The Court class
Members. FoR injunctive RelieF
such as reinstatement and promotion
To painteR. I ZAchary MCGraw
humbly asked Judge Ruben castillio
To Reconsider in 2002 offical SEAL
Notary Public ANITA D SMITH-ARGUELLO
STaTe oF ILLinois my commissionALetter.
7-23-02. because oF This bias situation
With the city. To grant mE painter promotion
And For someone To deliberately hinder and
take away my opportunity. But The Judge
TookThe Lead iN Judge BackChamber not inopenCourt
side with The city and Not chicago commission
OR E.E.O.C. Finding. Now The city, mayoR, city
counseL and city LawyeR. agreed To settle decades
Old Shakman case. oF PoliticaL hiring. Next Page

Page

B. rigged The interview my ASS commissioner Timothy J. McCathy Department of Aviation did To me. 1997, 1998, in view of The Fact that we were unable To select you For The position of painter. his Responding letter. But select people outside The city work Force. and this people were put on Department of personnel's eligible List. as qualified who was not qualified with out "credentials. Falsified The True'. But The "heaven'ly" Justice is The Justice over all Justice's and he will uncover That which was cover up. To Do The Right Thing. "Justice" Now 81 painter's have been hired by The city of chicago. But not me still Left Behind. hurted my wife and 4 son To Not Believe in The court.

Next page.

Page
C.    and I Zachary McGraw Try again
To Be FairBehine For painter again.
In 2005, 2006, But Not So. and Now
in 2007 The city since opportunity
For painter Job in June 13 2007, . I
Fill out applications . But The Freedom
Of information since Lettee. your
applications Not on Fill. I had The
RECEIPT June 26, 2007 Received 2:01 pm.
STOP The pain make me and my Family
Whole again. give us The LiFe OF
Opportunity again. my Dream is my Family
Dream. my success is my Family success.
I will never give up The Quest For Justice.
America is The liberty and Justice For all.
and The city oF Chicago is an equaL
Opportunity employer. This is a Extr-
aordinary circumstances. (Cheating.)
And McDaniel K. Richard was
hired Twice. 1997 and 2004    Thank you
       Date 11-15-07    Zachary A. McGraw SR

(f) ☐　Direct the defendant to (specify): *They had To hurt and cheat me and my Family so hard 11 year's and going on 12 year's of pain by keeping me the plaintiff McGraw Left Behind.*

(g) ☒　If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒　Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)　*Zachary A McGraw SR*

(Plaintiff's name)

*ZAchary A McGraw JR*

(Plaintiff's street address)

*1817 N. Mobile*

(City) *Chicago*　(State) *IL*　(ZIP) *60639*

(Plaintiff's telephone number) *(773) – 237-3788*

Date: *11-15-07*

## LOCAL RULES 5.2 — 5.4

**LR5.2.　　Form of Papers Filed**

(a)　　PAPER AND FONT SIZE.  Each document filed shall be flat and unfolded on opaque, unglazed, white paper approximately 8 ½ x 11 inches in size.  It shall be plainly written, or typed, or printed, or prepared by means of a duplicating process, without erasures or interlineations which materially deface it.  It shall be bound or secured on the top edge of the document. Where the document is typed, line spacing will be at least 1½ lines.  Where it is typed or printed, (1)　　the size of the type in the body of the text shall be 12 points and that in footnotes, no less than 11 points, and (2)　　the margins, left-hand, right-hand, top, and bottom, shall each be 1 inch.

# MILLER SHAKMAN & BEEM LLP

ATTORNEYS AND COUNSELORS

180 NORTH LA SALLE STREET
SUITE 3600
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 263-3700
FAX (312) 263-3270

July 3, 2007

WRITER'S DIRECT LINE

(312) 759-7245

**Via U.S. Mail**
Zachary McGraw
712 N. Trumbull
Chicago, IL 60624

Dear Zachary McGraw:

I am writing because you previously contacted our office regarding patronage practices by the City of Chicago. As we stated before, we do not represent you individually. For legal advice and assistance you will need to find another attorney.

We do represent several named individuals and a class of individuals generally in a lawsuit against the City known as the <u>Shakman</u> case. There has been a settlement in that case. If you have been the victim of political discrimination by the City, you may be able to collect up to $100,000 out of a $12 million fund created for such victims. To do so, you will need to obtain a claim form (enclosed), complete it, and submit it to the Shakman Decree Monitor, Noelle Brennan, before September 28, 2007. Claim forms are also available on-line at www.shakmanmonitor.com or in City Hall, Room 100, 121 N. LaSalle St., Chicago, Illinois. The monitor's number is 312-750-0750. You are not required to hire an attorney to fill out a claim form. If you need assistance filling out the claim form, one of the attorneys on the enclosed list may be able to help.

Alternatively, you have the right to "opt-out" of the settlement and file your own individual lawsuit instead. To do so, you will need to file an opt-out form (enclosed) before September 28, 2007. Whether it is in your best interest to participate in the settlement or to opt-out is up to you and your attorney.

Thanks again for contacting us with helpful information and good luck with your claims.

Sincerely,

Fredrick E. Vars

Encls.



received
9/27/07
FORM 1

# OPT-OUT REQUEST FORM

## AGREED SETTLEMENT ORDER AND ACCORD
Entered in Shakman, et al. v. Democratic Organization of Cook County, et al.
(the "Shakman Case")

Date: **9-27-07**

Noelle C. Brennan
Shakman Decree Monitor
Brennan & Monte, Ltd.
20 S. Clark
Suite 1530
Chicago, IL 60603

Name: **ZAchary A McGraw SR**

Address: **712 N. Trumbull**
**Chichago, IL 60624**

Telephone: **773-237-3788**

Check the Class(es) to which you belong (failure to identify a class has no effect on your right to assert a claim in any capacity in any subsequent litigation.):

___ Current City Employee
**X** Former City Employee
**X** Applicant for Employment with the City
___ Candidate for Public Office
___ Registered Voter

I wish to be excluded from membership in the settlement classes in this case.

_Zachary A McGraw Sr_
(Signature)



Exhibit III.C

# ACCORD OPT-OUT REQUEST PROCEDURES

Pursuant to the

## AGREED SETTLEMENT ORDER AND ACCORD ("ACCORD")

Entered in Shakman, et al. v. Democratic Organization of Cook County, et al.
(the "Shakman Case")

OPT-OUT REQUEST FORMS (Form 1) MUST BE RECEIVED
BY THE SHAKMAN DECREE MONITOR
BY SEPTEMBER 28, 2007

If you believe that you have been subjected to unlawful political discrimination in connection with hiring, promotion, overtime or any other aspect of employment with the City of Chicago prior to May 31, 2007 (the date of final approval of the Accord), you may have a claim for damages and/or injunctive relief against the City of Chicago.

The Accord creates a new claim process for anyone who believes that s/he was subjected to unlawful political discrimination between January 1, 2000 and May 31, 2007 (the date of final approval of the Accord). For details regarding the Accord Claim process, please review Section III of the Accord and the Accord Claim Procedures which are posted on the Shakman Decree Monitor's website, www.shakmanmonitor.com.

Not all class members are eligible to submit an Accord Complaint under Section III of the Accord. If you are in one of the groups described below and would like to pursue any claim of unlawful political discrimination you may have against the City of Chicago, you must submit an Opt-Out Request Form (Form 1) or your claim will be waived.

1.  If your Claim involves alleged unlawful political discrimination that took place before January 1, 2000.

2.  Relief under the Claim Process is limited to monetary awards. No injunctive relief, such as reinstatement or promotion, is available through the Accord Claim Process. Such injunctive relief may be available through a legal action filed in a court of law. If you would like to pursue injunctive relief, you must submit an Opt-Out Request Form (Form 1) to the Shakman Decree Monitor before September 28, 2007.

The Court will exclude from the classes any Class Member who requests exclusion. If you want to be excluded from the classes, you must give written notice of your intent to opt-out of the classes by submitting an Accord Opt-Out Request Form (Form 1) to the Shakman Decree Monitor. If you elect to pursue a remedy outside of the Accord you should act quickly to protect whatever rights you may have.



Exhibit III.D

# ACCORD CLAIM PROCEDURES

### Pursuant to the

## AGREED SETTLEMENT ORDER AND ACCORD ("ACCORD")
**Entered in *Shakman, et al. v. Democratic Organization of Cook County, et al.*
(the "Shakman Case")**

### COMPLETED ACCORD CLAIM FORMS (Form 2) AND RELEASE OF CLAIMS AGAINST THE CITY OF CHICAGO FORMS (Form 3) MUST BE RECEIVED BY THE SHAKMAN DECREE MONITOR BY SEPTEMBER 28, 2007

If you believe that you have been subjected to unlawful political discrimination in connection with hiring, promotion, overtime or any other aspect of employment with the City of Chicago *between January 1, 2000 and May 31, 2007* (the date of final approval of the Accord), you may submit a completed Accord Claim Form (Form 2) to the Shakman Decree Monitor to be considered for possible money damages.

**Completed Accord Claim Forms (Form 2) and Release of Claims Against the City of Chicago Forms (Form 3) must be received by the Shakman Decree Monitor by September 28, 2007 (the "Claim Deadline").**

**Send completed Accord Claim Forms and a signed Release of Claims Against the City of Chicago to:**

> Noelle Brennan
> Shakman Decree Monitor
> Brennan & Monte, Ltd.
> 20 S. Clark
> Suite 1530
> Chicago, IL 60603

**Submitting an Accord Claim Form does not guarantee a monetary award.**

### I.    Am I Eligible to File an Accord Claim?

You may submit an Accord Claim Form (Form 2) if (1) you applied for a job or had a job with the City of Chicago and (2) you believe that you were subjected to unlawful political discrimination in connection with any employment decision by the City of Chicago that occurred **between January 1, 2000 and May 31, 2007**.

"Employment decision" includes, but is not limited to, any decision involving hiring, firing, promotion, job assignment, transfer, disciplinary action and overtime.

1

# Judge OKs $12 million Shakman settlement

FRIDAY, JUNE 1, 2007
CHICAGO SUN-TIMES | N | **METRO | 19**

## COST OF CLOUT | Fund will go to victims of city's rigged hiring

**BY FRAN SPIELMAN**

City Hall Reporter/fspielman@suntimes.com

The Daley administration will create a $12 million fund to compensate victims of Chicago's rigged hiring system — and get out from under court supervision, if it behaves

— under a settlement approved by a federal judge Thursday.

U.S. District Court Judge Wayne Andersen signed off on a settlement in the decades-old Shakman case, which stems from a federal decree that was supposed to ban political hiring and firing in city government — but didn't.

Thursday's approval came over the objections of a handful of city employees who told the court that $12 million wasn't enough and that City Hall will simply revert to its old tricks.

The mayor's former patronage

chief, Robert Sorich, was convicted last summer of rigging city hiring to benefit pro-Daley armies of political workers. Former Streets and Sanitation chief Al Sanchez is awaiting trial on similar charges.

To underscore his stated commitment to reform, Mayor Daley signed an executive order promising that the city will not discriminate against its employees on the basis of politics, or retaliate against those who claim political discrimination. The order also requires city employees who witness political

discrimination to report it to the city's inspector general.

Andersen's sign-off sets the stage for Daley to get out from under court supervision of city hiring after Dec. 31, 2008, if hiring monitor Noelle Brennan and the federal judge who appointed her agree that it has been substantial compliance at that time.

But Andersen warned that he would be watching closely to make certain Inspector General David Hoffman is given the financial resources to vigorously police hiring. Daley has turned down Hoffman's

request for 10 more investigators.

An attorney representing Michael Shakman is optimistic that City Hall will abide by the settlement. "If they want to... get out and avoid the prescriptions of the accord, there'll be more Soriches, more indictments and more federal court proceedings," said Roger Fross.

The agreement has a $100,000 cap on individual damages. The awards will apply to those who file claims by Sept. 28 and can prove they've been bypassed for city jobs and promotions since Jan. 1, 2000.

# Chicago Public Schools

## Elihu B. Washburne Trade School

*This certifies that*

### Zachary McGraw

*has successfully completed the prescribed course of study for*

### Painting and Decorating

*and is awarded this diploma by authority of the*

*Board of Education, City of Chicago.*

**July 18, 1980**



Kenneth B. Smith
*President, Board of Education*

*Secretary, Board of Education*

Angeline P. Caruso
*Interim General Superintendent of Schools*

Ralph Smith
*Director of School*



City of Chicago
Richard M. Daley, Mayor

**Department of Aviation**

Mary Rose Loney, A.A.E.
Commissioner

Chicago O'Hare
International Airport
P.O. Box 66142
Chicago, Illinois 60666
(773) 686-2200
(773) 601-8333 (TTY)

Erin M. O'Donnell
Deputy Commissioner
Chicago Midway Airport
5700 South Cicero Avenue
Chicago, Illinois 60638
(773) 838-0608
(773) 838-0795 (TTY)

http://www.ci.chi.il.us

November 20, 1998


Zachary Mc Graw
1337 North Mason
Chicago, IL 60651


Dear Mr. Mc Graw:

Thank you for your interest in seeking a position with the Department of
Aviation.  In view of the fact that we were unable to select you for the
position of **Painter,** your name will be returned to the Department of
Personnel's eligible list.



Sincerely,


Timothy J. McCarthy
Assistant Commissioner
Department of Aviation







City of Chicago
Richard M. Daley, Mayor

Department of Aviation

Mary Rose Loney, A.A.E.
Commissioner

Chicago O'Hare
International Airport
P.O. Box 66142
Chicago, Illinois 60666
(773) 686-2200
(773) 601-8333 (TTY)
http://www.ci.chi.il.us

June 4, 1997

Mr. Zachary Mc Graw
1337 North Mason
Chicago, Illinois  60651

Dear Mr. Mc Graw :

Thank you for your interest in seeking a position with the Department of Aviation.  In view of the fact that we were unable to select you for the position of **Painter**, your name will be returned to the Department of Personnel's eligible list.

Sincerely,

Timothy Mc Carthy
Assistant Commissioner
Department of Aviation





Please
Recycle!



City of Chicago
COMMISSION ON HUMAN RELATIONS
740 N. Sedgwick, Third Floor
Chicago, IL 60610-3478
(312) 744-4111 [Voice]
(312) 744-1081 [Facsimile] / (312) 744-1088 [TTY]

IN THE MATTER OF                                    )
                                                   )
Zachary A. McGraw,                                 )
COMPLAINANT,                                        )    Case No. 99-E-27
AND                                                )
                                                   )    Date Mailed: August 17, 2001
City of Chicago, Department of Aviation,           )
RESPONDENT.                                         )

To:    Wyvonnia Ford Bridgeforth              Elene F. Vitacco
       Law Offices of Bridgeforth             Assistant Corporation Counsel
       1140 W. Lake Street, Suite 302         City of Chicago/Department of Law
       Oak Park, IL 60301                     30 N. LaSalle Street, Suite 1020
                                              Chicago, IL 60602

## ORDER FINDING SUBSTANTIAL EVIDENCE
## AND SETTING CONCILIATION CONFERENCE

On July 26, 2001, the Chicago Commission on Human Relations determined that, with respect to the above-captioned case, there is substantial evidence of the alleged violation of the Chicago Human Rights Ordinance ("Ordinance") against Respondent City of Chicago, Department of Aviation ("Respondent") with respect to the claim of race discrimination, relating to denial of transfer to the position of Painter.

The Commission has found no substantial evidence against Respondent City of Chicago, Department of Aviation concerning the claims and allegations of race and retaliation, relating to the discharge, and, therefore, these are hereby dismissed for lack of substantial evidence.

A mandatory Conciliation Conference to resolve the matter is scheduled for September 11, 2001, at 10:00 AM.. An independent Conciliator, Martin J. Dubowsky, appointed by the Commission, will conduct the conference. Please come to the third floor of the Commission's office and you will be directed to the appropriate Conference Room.

A finding of "substantial evidence" is not a finding of liability. Rather, it is a preliminary determination that there is substantial evidence that Respondent may have violated the Ordinance.

If no settlement agreement is reached at the Conciliation Conference, the Commission shall schedule an Administrative Hearing after which it shall rule on whether or not Respondent is liable under the Ordinance.

The Conciliator will attempt to help the parties secure an agreed-upon resolution of the complaint without litigation. While the Complainant and Respondent may each be represented by one person, who may but need not be an attorney, the personal attendance at the conference by all parties is required, as is the attendance of a person with authority to settle. Attendance of an attorney only is not sufficient. See Reg. 230.110. **If a party fails to attend the conference without good cause, the Commission may assess penalties against that party, including fining the absent party, dismissing the Complainant's Complaint and defaulting the Respondent. See Reg. 230.110.** Nothing that transpires during the course of a Conciliation Conference may be disclosed by the Commission or used as evidence in any Hearing. See Reg. 230.120. The good faith and cooperation of all parties to the complaint is necessary in order to dispose of this matter amicably.

A party who seeks a continuance must serve a written motion on all other parties and file it with the Commission as soon as the reasons for the continuance are known. Any motion filed less than three days prior to the date sought to be continued will be granted only if extraordinary circumstances are shown. See Reg. 270.130(b).

(    ) For parties in which there is a parallel-filed case at the EEOC in which the EEOC deferred its work, the CCHR is sending the EEOC a copy of this order and the Investigative Summary. The EEOC may request the entire CCHR file. The EEOC shall determine whether it shall dismiss the case for lack of reasonable cause, conduct further investigation, find that there is reasonable cause of a violation, or take other steps as appropriate. The EEOC shall inform the parties of its decision in writing.

Further, the EEOC may send a representative to the Conciliation Conference described in this order. At the Conciliation Conference, the CCHR shall attempt to have the EEOC case covered by any agreement reached by the parties or to have the complainant withdraw his or her EEOC case.

By:      CLARENCE N. WOOD, Chairman

for:     CHICAGO COMMISSION ON HUMAN RELATIONS

SE-Find.Ord 3-01

2



# DEPARTMENT OF AVIATION
# MEMORANDUM

**TO:**      ALL DEPARTMENT OF AVIATION EMPLOYEES

**FROM:**    ALBERT CLARK, JR.
             CHIEF DEPUTY OPERATING COMMISSIONER

**DATE:**    MAY 9, 1997

**SUBJECT:** PROPER CONDUCT IN THE WORKPLACE

---

Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate on the basis of race, color, religion, sex or national origin. In 1980, the Equal Employment Opportunities Commission issued federal guidelines declaring sexual harassment an unlawful employment practice.

In addition to the law, respect for each other is essential for us to effectively operate the Chicago Airport System. The Department of Aviation is committed to insuring the right of all employees to work in an environment free from racial insensitivity and sexual harassment.

We need to work together as a professional team to eliminate all racial insensitivity, sexual harassment and discrimination. It is necessary to remind all of our employees that we have zero tolerance for racism, sexual misconduct, and discrimination of any type. Any such acts will be thoroughly investigated and disciplinary action will be taken against the offenders.

Improper conduct should be reported to our Personnel Section. Please call Tim McCarthy at 686-3782, or Dennis Morrissey at 686-3434, to report any incidents.

Mayor Richard M. Daley's statement on racism is attached. It speaks for itself.

AC/DJM/jd



Zachary A. McGraw
Case Number:  1:01-cv-09575
Title:  McGraw v. City of Chgo. Dept. of Aviation


To:   Honorable Judge Ruben Castillo

I, Zachary A. McGraw, have considered the offer extended
to me by the Honorable Judge Castillo, also, the recommen--
dations of my attorney.  However, I must humbly decline to
accept the offer.

My heart and my spirit cries out for closure and justice in
this case.  As I behold the continued suffering of myself
and my family since 1997.  My children have been hindered
from attending college, and we lost our beloved home as a
result of this bias situation with the city.  As I acquire
more information and advice, I know I deserve more.

I am a man who loves and provides for his family just like
any other real man does.  And for someone to deliberately
hinder and take away an Opportunity from me to prosper
because of the color of my skin is a violation of my civil
rights.

Again, I humbly ask this court for justice under the law.
He that ruleth over men must be just, ruling in the fear of
God.

(1)

I believe this is a modest request compared to the sufferings of
myself and my family.  However, If an agreement can't be reached,
I humbly ask again, as I did in the beginning of this case in
Federal court for a jury trial.  I am a law abiding citizen of
this great city Chicago.

1.  Painters Job
2.  $50,000
3.  Attorney Fee
4.  Seniority

Moreover, I humbly ask this court for justice.

Sincerely

*Zachary McGraw*

Zachary A. McGraw Jr.

"OFFICIAL SEAL"
ANITA D. SMITH-ARGUELLO
Notary Public, State of Illinois
My Commission Expires Sept. 23, 2003

7/23/02

(2)

Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

To: Zachary A. McGraw
1337 North Mason
Chicago, Illinois 60651

7001 0360 0000 0467 1852

From: Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661-2511

**RECEIVED**

DEC 1 4 2001

MICHAEL W. DOBBINS

[  ]  On behalf of a person aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210991570 | Roosevelt Witherspoon, Investigator | (312) 353-6649 |

CLERK, U.S. DISTRICT COURT

(See the additional information attached to this form.)

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[  ]  The facts you allege fail to state a claim under any of the statutes enforced by the Commission

**JUDGE CASTILLO**

[  ]  Respondent employs less than the required number of employees.

[  ]  Your charge was not timely filed with the Commission, i.e., you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[  ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[  ]  The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[  ]  The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[  ]  The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ X ]  Other (briefly state)    The Commission has ceased processing of this charge.

**MAGISTRATE JUDGE NOLAN**

## - NOTICE OF SUIT RIGHTS -

[ X ]  Title VII and/or the Americans with Disabilities Act: This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.

[  ]  Age discrimination in Employment Act: This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice; otherwise your right to sue is lost.

[  ]  Equal Pay Act (EPA): EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

September 28 2001

On behalf of the Commission

John P. Rowe, District Director

Enclosures
Information Sheet
Copy of Charge
cc: Respondent(s)         City of Chicago - Aviation Department

**010 0075**

EEOC Form 161

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☐ FEPA | |
| | ☒ EEOC | 210991570 |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

__Illinois Dept. of Human Rights__ _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Zachary A. McGraw | (773) 379-4140 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1337 N. Mason, Chicago, IL 60651 | | 09/30/1955 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| City Of Chicago-Aviation Dept. | Cat D (501 +) | (312) 744-4000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 121 N. LaSalle St. Rm. 1100, Chicago, IL 60602 | | 031 |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

**CAUSE OF DISCRIMINATION BASED ON** *(Check appropriate box(es))*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 11/20/1998 | 11/20/1998 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I. I have been employed by the above named Respondent since Decemeber of 1995, as a custodian. Since 1996 and as late as November of 1998, I have applied for various Painter positions and I have not been selected. Recently, I was interviewed for a Painter position in September of 1998 and I was informed in November of 1998, that I had not been selected. In December of 1996, I filed a previous charge of employment discrimination (210970777). I had also complained internally about discrimination in 1996 and in 1997.

II. No reason was given for not being selected in November of 1998.

III. I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII), in that less qualified non-Blacks were selected for these positions. I further believe that I have been retaliated against for having complained about discrimination, both internally and with the EEOC, in violation of Section 704(a) of Title VII.

RECEIVED EEOC

FEB 17 1999

CHICAGO DISTRICT OFFICE

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

Date 2-17-99   *Zachary A. McGraw IX* Charging Party *(Signature)*

EEOC FORM 5 (Rev. 06/92)

**CHARGING PARTY COPY**



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5068 0695

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

October 24, 2006

Mr. Zachary A. McGraw
1817 N. Mobile
Chicago, IL 60639

Re: EEOC Charge Against City of Chicago, Aviation Dept.
     No. 440200609158

Dear Mr. McGraw:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen S. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Chicago District Office, EEOC
    City of Chicago, Aviation Dept.




**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Human Resources**

Jacqueline P. King
Commissioner

City Hall, Room 1100
121 North LaSalle Street
Chicago, Illinois 60602-1209
(312) 744-4966 (Voice)
(312) 744-1521 (FAX)
(312) 744-2563 (TTY)

http://www.cityofchicago.org

**Administration**
**Employment Services**
**Information Services**
City Hall, Room 1100–1102
(312) 744-4962 (Voice)
(312) 744-4976 (Voice)
(312) 744-4954 (Voice)
(312) 744-1521 (FAX)

**Employee Assistance Program**
(312) 747-0399 (Voice)
(312) 747-8970 (FAX)

**Office of Compliance**
**Labor Relations**
**Sexual Harassment**
**Workforce Compliance**
DePaul Center, Suite 330
333 South State Street
Chicago, Illinois 60604-3973
(312) 747-8960 (Voice)
(312) 747-8975 (Voice)
(312) 747-8988 (Voice)
(312) 747-8981 (Voice)
(312) 747-8971 (FAX)

**Strategic Services**
DePaul Center, Suite 520
333 South State Street
Chicago, Illinois 60604-3975
(312) 747-7277 (Voice)
(312) 747-0405 (FAX)
(312) 747-8972 (Voice)
(312) 747-8971 (FAX)

August 3, 2007

Mr. Zachary A. McGraw
1817 N. Mobile
Chicago, IL 60639

Dear Mr. McGraw:

On behalf of the Department of Human Resources, I am responding to your Freedom of Information Act (FOIA) received August 2, 2007 requesting why you were not hired and not placed on the eligible list for 2006-2007, and a copy of the letter posted in City Hall Room 100 work center.

We pulled your application history with the City and you have no active applications entered. You applied for Aviation Security Officer and Sign Hanger in 2005, but were deemed 'Not Qualified'.  Those applications have since expired.

Attached are application history documents and a copy of the notice posted in Room 100, as requested.

Sincerely,

Jacqueline P. King
Commissioner







# CITY OF CHICAGO
## DEPARTMENT OF HUMAN RESOURCES
### RECORDS MANAGEMENT

**Department of Human Resources**

City Hall, Room 1100
121 North LaSalle Street
Chicago, Illinois
60602-1209
Date Generated: 8/3/2007

ZACHARY A MC GRAW
1337 N MASON
CHICAGO, IL. 60651

**PHONE**  378-6204
**APPL #**  132454

## APPLICATION HISTORY

| APPLICATION NAME | EFF DATE | APPLICATION STATUS | JOB TITLE |
|---|---|---|---|
| C4210-0001-2000 | 5/10/05 | Active Application | AVIATION SECURITY OFFICER |
| C4210-0001-2000 | 6/10/05 | Not Qualified | AVIATION SECURITY OFFICER |
| C4210-0001-2000 | 12/31/05 | Expired | AVIATION SECURITY OFFICER |
| C8263-0001-2005 | 5/10/05 | Active Application | SIGN HANGER |
| C8263-0001-2005 | 7/29/05 | Not Qualified | SIGN HANGER |
| C8263-0001-2005 | 12/31/05 | Expired | SIGN HANGER |



# CITY OF CHICAGO
## DEPARTMENT OF HUMAN RESOURCES
## RECORDS MANAGEMENT

**Department of Human Resources**

City Hall, Room 1100
121 North LaSalle Street
Chicago, Illinois
60602-1209

Date Generated: 8/3/2007

ZACHARY A MC GRAW
1337 N MASON
CHICAGO, IL. 60651

**PHONE**  378-6204
**APPL #**  132454

* Vacancy lists are cancelled due to either, the city no longer using that particular title, or the overall age of the eligibility list. You must re-apply for that title or similar title once it becomes available.

The City of Chicago, Department of Human Resources has purged all employment applications that were received BEFORE January 1, 2006. If you have any questions, please call this office at 312-744-4976. You must notify this department in writing of any change of address. Please keep this notice for your reference.If you would like to be considered an active applicant, you will need to re-apply for open positions on-line at www.cityofchicago.org, or in-person in Room 100 of City Hall or at any Chicago Workforce Center.

DHR APPL INFO







 

**City of Chicago**
Richard M. Daley, Mayor

**Department of Human Resources**

Jacqueline P. King
Commissioner

City Hall, Room 1100
121 North LaSalle Street
Chicago, Illinois 60602-1209
(312) 744-4966 (Voice)
(312) 744-1521 (FAX)
(312) 744-2563 (TTY)

http://www.cityofchicago.org

**Administration**
**Employment Services**
**Information Services**
City Hall, Room 1100–1102
(312) 744-4962 (Voice)
(312) 744-4976 (Voice)
(312) 744-4954 (Voice)
(312) 744-1521 (FAX)

**Employee Assistance Program**
(312) 747-0399 (Voice)
(312) 747-8970 (FAX)

**Office of Compliance**
**Labor Relations**
**Sexual Harassment**
**Workforce Compliance**
DePaul Center, Suite 330
333 South State Street
Chicago, Illinois 60604-3973
(312) 747-8960 (Voice)
(312) 747-8975 (Voice)
(312) 747-8988 (Voice)
(312) 747-8981 (Voice)
(312) 747-8971 (FAX)

**Strategic Services**
DePaul Center, Suite 520
333 South State Street
Chicago, Illinois 60604-3975
(312) 747-7277 (Voice)
(312) 747-0405 (FAX)
(312) 747-8972 (Voice)
(312) 747-8971 (FAX)

July 24, 2007

Mr. Zachary A. McGraw, Jr.
712 N. Trumbull
Chicago, IL 60624

Dear Mr. McGraw:

On behalf of the Department of Human Resources, I am responding to your Freedom of Information Act (FOIA) received June 19, 2007 for the following records:

1) Number of painters hired 1997 – 2007
    1997 – 10
    1998 – 10
    1999 – 20
    2000 – 8
    2001 – 9
    2004 – 2
    2006 – 18
    2007 – 2
    Total – 79

2) Names of painters hired
    See enclosed list

3) Number of those hired that have minimum qualifications for painter statement of eligibility, completion of an approved apprentice training program in painting with journeyman status.

At the outset, I note that FOIA requires the City to produce documents, not to provide answers to questions. See 5 ILCS 140/3(a) ("Each public body shall make available all public records, except as otherwise provided in section 7 of this Act.") Your request is not a FOIA request for documents, but rather a request that the City provide answers to questions, thereby making the provisions of the FOIA statute inapplicable. The City does not believe that your purported FOIA request is in proper form.

Though we are under no obligation to do so, we are attaching a copy of the examination announcement, which sets forth minimum qualifications of "successful completion of a US Department of Labor registered painting apprenticeship training program and journeyman status, or an equivalent combination of training and experience."

**NEIGHBORHOODS Alive!**
BUILDING CHICAGO TOGETHER



Ⓔ

Again, we do not consider your letter a proper request under FOIA. To the extent that this is deemed a denial of a FOIA request, please be advised that you have a right to appeal this request in writing to Jennifer Hoyle, Director of Public Affairs, Department of Law, at the following location:

Department of Law
City Hall, Room 600
121 North LaSalle
Chicago, IL  60602
fax:  (312) 744-5185

Sincerely,

Jacqueline P. King
Commissioner



## PAINTERS HIRED 1997 - 2007

1997

| NAME | HIRE DATE |
|------|-----------|
| BLANEY, JOHN | 7/24/1997 |
| DUDA, JOHN S | 2/3/1997 |
| EGAN, RICHARD B | 7/1/1997 |
| MCDANIEL, RICHARD K | 7/1/1997 |
| MISIURO, JANUSZ C | 7/24/1997 |
| MORELAND, MARY | 7/1/1997 |
| MUSTARI, PAUL F | 2/3/1997 |
| NOLAN, MATTHEW D | 5/27/1997 |
| VENTURINI, STEVE R | 7/1/1997 |
| ZOLDOWSKI, STEVE T | 8/1/1997 |

**TOTAL: 10**

1998

| NAME | HIRE DATE |
|------|-----------|
| CROSSE, JOSEPHINE T | 12/16/1998 |
| GAJEWSKI, JOHN | 7/29/1998 |
| JEFFERSON, CLARENCE | 7/29/1998 |
| KRAWIEC, LEONARD R | 12/16/1998 |
| LINK, TERRENCE C | 7/29/1998 |
| MONSEN, JOHN M | 8/1/1998 |
| NELSON, DESMOND M | 7/29/1998 |
| RAHLFS, THOMAS J | 7/29/1998 |
| STEELE, BARBARA E | 12/16/1998 |
| TRAVERS, PATRICK F | 9/16/1998 |

**TOTAL: 10**

1999

| NAME | HIRE DATE |
|------|-----------|
| BOONE, JOSEPH K | 5/3/1999 |
| D ACQUISTO, LOUIS R | 7/2/1999 |
| DELOACH, GLENN V | 8/2/1999 |
| HENDLER, DAVID | 9/1/1999 |
| HOLDEN, ROOSEVELT | 7/2/1999 |
| HOLLIS, RONALD | 8/2/1999 |
| JACKSON, THEODORE R | 8/2/1999 |
| JOHNSON JR, HAROLD | 8/9/1999 |
| JONES, JEANETTE | 7/2/1999 |
| LANDINI, ARTHUR P | 7/16/1999 |
| MAALIKULMULK, ZAID A | 8/23/1999 |
| MAJKA, STEPHEN P | 5/3/1999 |
| MATHES, MICHAEL W | 10/28/1999 |
| MELENDEZ, JOHN S | 8/2/1999 |
| MONTGOMERY, ETHEL P | 10/6/1999 |
| PIATEK, JOSEPH | 7/2/1999 |
| RAMIREZ, LUIS | 8/2/1999 |
| SHERROD, GARY J | 9/1/1999 |
| VAJKO, SUSAN M | 10/6/1999 |
| VILLEGAS, JOSAFAT | 5/3/1999 |



**1999**

| NAME | HIRE DATE |
|---|---|
| | **TOTAL: 20** |

**2000**

| NAME | HIRE DATE |
|---|---|
| BIBBIANO, MICHELE | 6/16/2000 |
| DELOACH JR, JAMES | 9/16/2000 |
| HENSEL, NICHOLAS J | 8/1/2000 |
| LADING, RUDOLPH | 8/1/2000 |
| MOORE, DERRICK J | 8/1/2000 |
| MUSTARI, PAUL A | 8/1/2000 |
| SMITH, JOSEPH F | 8/1/2000 |
| WITEK, KENNETH J | 9/18/2000 |
| | **TOTAL: 8** |

**2001**

| NAME | HIRE DATE |
|---|---|
| BOCCIA, JOSEPH | 4/3/2001 |
| HICKSTEIN, ROY C | 8/16/2001 |
| KIECA, WAYNE R | 8/16/2001 |
| PLOTKE JR, WILLIAM | 4/2/2001 |
| POLANCO, OSCAR A | 7/1/2001 |
| SAA, JOSE J | 5/1/2001 |
| TOMPKINS, SCOTT L | 5/16/2001 |
| VALDEZ, DENISE I | 6/16/2001 |
| VASQUEZ, FRANK S | 4/2/2001 |
| | **TOTAL: 9** |

**2004**

| NAME | HIRE DATE |
|---|---|
| BAKER, CHARLES E | 8/1/2004 |
| MCDANIEL, RICHARD K | 8/1/2004 |
| | **TOTAL: 2** |

**2006**

| NAME | HIRE DATE |
|---|---|
| ADROW, GREGORY L | 10/2/2006 |
| BELLAMY, ANTIONE | 7/5/2006 |
| BREWER, EDWARD E | 7/5/2006 |
| BULLARD, HAMMEL T | 7/5/2006 |
| CASTANEDA, ROMAN J | 7/5/2006 |
| DACE, TIMOTHY G | 12/15/2006 |
| DAWSON, KATRINA D | 7/5/2006 |
| DELOACH, CRAIG E | 7/5/2006 |
| DIAZ, JOSE L | 7/5/2006 |
| FEDELE, DAVID | 7/5/2006 |
| HAMPTON, BENJAMIN | 7/5/2006 |
| INGRAM, LAVELL D | 7/5/2006 |
| JUAREZ, JOSE L | 7/5/2006 |
| MUHAMMAD, EVA | 7/5/2006 |
| NASH, JACKIE E | 7/5/2006 |

2006

| NAME | HIRE DATE |
|------|-----------|
| STEPHENS, ANDRE L | 8/7/2006 |
| VALDEZ, DENISE I | 7/5/2006 |
| VALDEZ, RODNEY R | 7/5/2006 |

TOTAL: 18

2007

| NAME | HIRE DATE |
|------|-----------|
| MALTESE, DEAN | 6/16/2007 |
| WOOD JR, JEARL L | 7/16/2007 |

TOTAL: 2

TOTAL: 79

And painter Joseph Ustasiewski promoted in 1994. or 1991




City of Chicago
COMMISSION ON HUMAN RELATIONS
740 N. Sedgwick, 3rd Floor
Chicago, IL 60610
(312) 744-4111[voice]
(312) 744-1081 [Facsimile] / (312) 744-1088 [TTY]

# INVESTIGATIVE SUMMARY

The attached Investigative Summary outlines the investigation which was done in the case(s) named on the first page of the Summary. This document is a summary of the investigation and not a verbatim account of each interview or each document received.

The "Determination" section reflects the decision of the Commission's Executive Compliance Staff -- Commission senior staff which makes the decision about whether or not there is Substantial Evidence of an Ordinance Violation. The Determination may or may not reflect the recommendation of the Investigator.

Parties and/or their representative of record may review the investigative file by making a request to the Commission. The request must be made at least 48 hours before the requesting person wishes to review the file. Access to the investigative file is governed by Regulation 220.410.

Pursuant to Chicago Municipal Code §2-120-510(f), neither the Commission nor its staff shall disclose any information obtained in the course of its investigation. Therefore, the Commission provides this Investigative Summary only to the parties to the case or their representative of record.

If this case proceeds to an Administrative Hearing, the Commission shall not provide this Investigative Summary to the Administrative Hearing Officer. Regulation 220.310.

IS-Cover 2-01



EXHIBIT
F





# CITY OF CHICAGO
## COMMISSION ON HUMAN RELATIONS

## INVESTIGATION SUMMARY

Complainant(s): <u>Zachary A. McGraw</u>
Respondent(s): <u>City of Chicago, Department of Aviation</u>
Case No.: <u>99-E-27</u>

Date: <u>July 2001</u>
Investigator: <u>Norma J. Jackson</u>
Supervisor: <u>Sara J. Bales</u>

1.  <u>TYPE OF CASE</u>: ( X )-Employment        ( )-Housing    (___)-Bonding
                        (___)-Public Accommodation    (___)-Credit

2.  <u>CLAIM</u>                    <u>BASIS</u>                    <u>DETERMINATION[1]</u>

a.  <u>Denial of Transfer</u>        <u>Race</u>                    <u>SE</u>

b.  <u>Discharge</u>                <u>Race & Retaliation</u>        <u>NSE</u>

3.  <u>TIMING</u>

Date Complaint Filed: <u>February 26, 1999</u>
Date of Alleged Violation: <u>January 26, 1999</u>

Date of any Amended Complaint: <u>May 22, 2000</u>
Date of Violation Alleged in Amended Complaint: <u>February 7, 2000</u>

――――――――――――――――

[1]    NSE = No Substantial Evidence
       SE  = Substantial Evidence
       NJ  = No Jurisdiction (such as untimely)

## CLAIM A: Denial of Transfer / Race

### 4. COMPLAINANT'S ALLEGATIONS

Complainant alleges that from 1995 through 1998, Respondent denied him promotion to the position of Painter because of his race, African-American. Complainant was working for Respondent, the City of Chicago Department of Aviation, as a Custodial Worker. He alleges that he is a Journeyman Painter. He alleges that in 1997 and again on September 29, 1998, he was interviewed for the position of Painter in the Department of Aviation. Complainant asserts that he received a letter dated November 20, 1998, from Timothy J. McCarthy, Assistant Commissioner, in which he was informed that, once again, he was not selected for the position of Painter.

Complainant contends that on January 26, 1999, he filed a request through the Freedom of Information Act and received a list of people hired by the Department of Aviation in the position of Painter, in or about July 1997 and again in December 1998. The list showed six people hired as Painters, all Caucasian. Complainant believes that list supports his contention that he was not promoted in 1997 and 1998 by the Department of Aviation to the position of Painter because of his race.

### 5. RESPONDENT'S DEFENSE

Respondent acknowledges that it hired six Caucasian individuals for Painter positions in 1997 and 1998 as Complainant contends. Respondent states Complainant was part of a candidate pool of approximately 22 individuals who were considered for the position of Painter in September 1998. The pool included fourteen Caucasians, four African-Americans, three Hispanics and one individual whose race is unknown (due to insufficient records). Six individuals from this group, five Caucasian and one African-American, did not respond to Respondent's invitation to interview for the Painter position and therefore were given no more consideration.

Respondent acknowledges that it hired three new painters on December 16, 1998, all Caucasian. Respondent also acknowledges that one of them, Leonard Krawiek, was interviewed and rated in the same pool of candidates as Complainant. Respondent contends that Complainant was not interviewed or evaluated in the same candidate pool that resulted in the selection of the other two individuals, Josephine Crosse and Barbara Steele.

Respondent contends that it makes its hiring decisions for Painters based on who is the best qualified, and that Complainant was found not to be as well-qualified as the other applicants who were selected.

2



Case No. 99-E-27

6.      BACKGROUND AND UNCONTESTED PERTINENT FACTS

        A. Background

The Department of Aviation is the City of Chicago agency with responsibility to provide and administer aviation services within in the City of Chicago.

        B. Uncontested Pertinent Facts

1.      Complainant is African-American.

2.      Complainant began his employment for the City of Chicago Department of Aviation in 1995, as a Custodial Worker.

3.      Complainant applied for the position of Painter in the Department of Aviation on April 16, 1997. He was interviewed on May 27, 1997, but was not selected.

4.      On August 13, 1997, Timothy J. McCarthy, Assistant Commissioner, replied to Complainant's letter of June 11, 1997, telling Complainant that the Department is allowed to interview candidates and make selections based on who are the most qualified applicants. McCarthy's letter stated that Complainant was on the eligibility list for painters until August 4, 1997, and Complainant could reapply for future consideration.

5.      Complainant applied again for the position of Painter on September 15, 1998. Maura Keane of the Department of Personnel determined Complainant to be qualified for the Painter position on September 29, 1998.

6.      John Ochal (Caucasian), General Superintendent of Utility Systems, interviewed the applicants for Painter positions in the Department of Aviation. Ochal then scored all applicants interviewed and recommended which should be hired.

7.      John Ochal interviewed Complainant for a Painter position on November 20, 1998. Ochal gave Complainant a Final Rating of 2 out of a possible 5.

8.      Ochal then made a recommendation for hire and did not recommend Complainant. The recommendation was accepted by Timothy McCarthy (Caucasian), Assistant Commissioner, Department of Aviation.

9.      Timothy J. McCarthy wrote a letter to Complainant dated November 20, 1998, informing him that he was not selected for a Painter position and that his name would be returned to the Painter's eligible list.



Case No. <u>99-E-27</u>

10.    Six persons were hired for the position of painter in the Department of Aviation in 1997 and 1998. All six are Caucasian.

C. <u>Procedural Issue</u>

Any rejections of Complainant for Painter positions which occurred in 1995, 1996 and 1997 (that is, more than 180 days prior to the filing of the Complaint on February 26, 1999), are outside the Commission's jurisdiction and are described for background purposes only. Investigation of Complainant's denial of promotion claim will focus on events commencing on with Complainant's re-application for a Painter position on September 25, 1998.


7    <u>SUMMARY OF PARTY AND WITNESS STATEMENTS</u>

A.    Complainant: <u>Zachary A. McGraw</u>

    Title or Position: <u>Applicant for Painter Position</u>

    Other Relevant Characteristic: <u>African-American</u>

    Statement Provided: <u>See</u> Position Statement above and: Complainant explained that he had made a long term effort to become a Painter at the Department of Aviation. Complainant stated that he is a graduate of Washburne Trade School with a certificate in Painting and Decorating awarded July 18, 1980, and that he has held two professional jobs as a painter for more than ten years total. Complainant contends that Respondent hired less qualified Caucasian persons over him as Painter each year that he applied for a Painter vacancy.

    *1997*
Complainant said that in 199▓, Timothy McCarthy (Caucasian), Assistant Commissioner, informed him that he was not selected for the position of Painter because he was not a member of the painter's local union, Local 14. Therefore, Complainant joined the painter's union, Local 14. Complainant says that, in hope of landing a Painter position, he paid union dues for approximately one year. He says that although McCarthy's suggestion did not make logical sense to him, at that point he was trying to eliminate any excuse or reason Respondent presented not to promote (hire) him to a Painter position. Complainant stated that the financial strain of $241 per month dues was unmanageable, forcing termination of his union membership. Complainant states that he later learned that, had he been selected for the Painter position, he could have joined the union at that time. He also learned that none of the persons Respondent hired were union members until after their hire date.

Complainant states that in June 1997, he wrote letters to Mayor Daley and Commissioner Mary Rose Loney of the Department of Aviation out of desperation about what he saw as unfair employment practices against him. He explained that he was continuously denied a Painter position and

4



Case No. 99-E-27

requested their assistance and explanation. On August 13, 1997, Complainant received an undated letter from McCarthy informing him that he understood Complainant was disappointed because he did not get the Painter position. The letter stated that Complainant could reapply and be considered in the future by any Department. Complainant says McCarthy was responding to his June 11, 1997, letter to the Mayor. At that point, Complainant had been on the eligibility list for Painters until August 4, 1997.

Complainant states that in September 1998, he again applied for a Painter position within the City of Chicago Department of Aviation. Complainant states that he was interviewed by John Ochal (Caucasian). He claims this was possibly his fourth or fifth interview for a Painter position in City government. According to Complainant, the interview was job-related and positive. He thought he would certainly be offered the position this time. However, on or about November 20, 1998, Complainant was notified, in a letter from Timothy McCarthy, that again he was not selected.

Complainant states that Respondent's actions toward him were motivated by factors of race and/or retaliation for having complained about the hiring practices for Painters. Complainant says that Timothy McCarthy also was an active participant in at least two prior decisions not to hire him as a Painter.

Complainant states he learned in information he obtained under the Freedom of Information Act, covering the period from January 1989 through December, 1998, that over 100 persons were hired as Painters in various departments of City government. Of those individuals hired, none were African-American. Complainant says that in 1997, Respondent hired three persons who are Caucasian to be Painters within the Department of Aviation. Again in 1998, Respondent hired persons in the Painter position, all Caucasian.

B.    Respondent or Respondent Representative: Timothy McCarthy

      Title or Position: Assistant Commissioner, Department of Aviation

      Other Relevant Characteristic: Caucasian

      Statement Provided: See Position Statement above and: McCarthy has no recollection of having told Complainant that he needed to join a painter's union in order to be considered for a Painter position. He says that decisions to hire or not hire are based upon facts, not emotions. He states that selections are based upon the review and recommendations of the General Superintendent, John Oshal. He states that only the most qualified applicant is selected.

5



Case No. 99-E-27

C.    Respondent or Respondent Representative: <u>John Ochal</u>

Title or Position: <u>General Superintendent of Utility Systems</u>

Other Relevant Characteristic: <u>Caucasian</u>

Statement Provided: See Position Statement above and: Ochal states that, as an interviewer for the Departments of Aviation and General Services, he conducts hundreds of interviews in the course of any given month. He says that a particular candidate may be interviewed two, three or even more times. Ochal has no recollection or knowledge of who Complainant is.

Ochal states that interviews are structured and evaluated based on written guidelines. As a matter of practice, the same criteria are equally applied across the board. The best qualified applicant is recommended to be selected for the job. The recommendation then goes to the hiring authority to be accepted or rejected. Just because Personnel Department staff finds an individual qualified for a particular job on paper, that does not require or mean that Ochal will also find the individual the best qualified to do the job. However, nothing is significant to Ochal regarding why he evaluated Complainant as less qualified than others after he interviewed him.

8.    SUMMARY OF RELEVANT DOCUMENTATION *[This may not list every document submitted but it lists those the Commission found significant to its determination.]*

1.    <u>Verified Response and Response to Request for Documents and Information</u>

2.    <u>Job Description, Painter</u>.  The job description for a painter, dated November 1987 and denominated Code 4634, lists the following "Desirable Minimum Qualifications":

Training and Experience: Completion of an approved apprentice training program in painting supplemented by experience as a journeyman is required.

Knowledge, Abilities and Skill: Knowledge of painting techniques and methods. Knowledge of painting tools, equipment and materials and their proper application.

Ability to do work on ladders and scaffolds. Physical ability to lift and move painting equipment. Ability to perform skilled painting work. Ability to operate truck mounted spray units or gravity machine equipment.

Considerable skill in mixing paint for appropriate consistency and color. Skill in the use of painting tools and materials.

6



3.  Examination Announcement for Painter.  City of Chicago Department of Personnel announcement denominated "88/4634/C/91101 (Reissued 3/30/98-4/13/98).  Under the heading "Minimum Qualifications" it states: "Completion of an approved apprentice training program in painting with journeyman status is required."  The document states that certificates and resumes must be submitted at the time of application.  It also states: "Your initial evaluation will be based on information provided on the application form and documents submitted with the application form.  Names of candidates who pass this examination will be placed on an eligible list.  Placement on an eligible list is not an offer or guarantee of employment with the City of Chicago, it is merely a statement of eligibility."

4.  Career Service Referral List and Employment Decision Form.  Department of Personnel Document referencing Exam No. 91001 and the job title of Painter, also referencing that it was sent to the Department of Aviation on September 10, 1998, and that one position was requested by Aviation (Request No. 4634001698).  The names of Leonard Krawiec and Complainant appear on the three-page list, which contains 22 total names.  Interview times for September 29 were noted next to some names, including Complainant and Krawiec.

5.  Four Applications for Painter.  Respondent provided the written application materials for the three candidates hired as Painters in the Department of Aviation on December 16, 1998, as well as Complainant's application.  See Comparative Data below for additional details.

    a.  Complainant (African-American): The application is dated September 25, 1998.  It is stamped "City Employee."  There is an accompanying resume as well as copies of diplomas reflecting completion of "the prescribed course of study for Painting and Decorating" at Washburne Trade School (Chicago Public Schools) on July 18, 1980.

    b.  Leonard Krawiec (White): Application is dated August 26, 1998.  It is stamped "Re-Application."  Work experience is entered on the application form, and there is no accompanying resume.  An accompanying letter dated August 21, 1998 indicates that his second year of eligibility for the "open and continuous examination" of Painter expired on August 26, 1998, and describes the procedure to re-file.  There was an earlier application dated July 31, 1996, accompanied by a resume and a copy of Krawiec's union membership card for Painters' District Council No. 14.

    c.  Josephine Crosse (White): Application is dated September 8, 1998.  Work Experience is entered on the application form and there is an accompanying resume.  An accompanying letter dated August 21, 1998 indicates that her second year of eligibility for the "open and continuous examination" of Painter expired on August 26, 1998, and describes the procedure to re-file.  There was an earlier application dated August 2, 1996, accompanied by a resume and other supporting documents as well as Crosse's union membership card for Painters' District Council No. 14.

7

d.    Barbara Steele (White): The application is neither signed nor dated. A note on the signature line states "See enclose." [sic.] The document records that the application was scored and Steele was found "qualified" on October 6, 1998. Education information is entered but there are no entries in the Work Experience section of the form and there is no accompanying resume. There is an accompanying copy of Steele's union membership card for Painters' District Council No. 14.

6.    Hiring Criteria Rating Forms. Respondent provided the Hiring Criteria Rating forms for the three candidates hired as Painters in the Department of Aviation on December 16, 1998, as well as Complainant's form and the forms for 13 additional applicants who were rated with Complainant and Leonard Krawiec but not hired.

a.    Hiring Criteria: The forms state the following hiring criteria for a Painter:
1.    Previous job experience.
2.    Written communication skills sufficient to complete daily logs.

b.    Weights and Rating Scale: Each of the above criteria was given a weight of 2. The rating scale was as follows: 1=far below requirements, 2=slightly below requirements, 3=meets requirements, 4=slightly above requirements, 5=far above requirements.

c.    Ratings: Each form was signed by John Ochal as the rater. No form showed any comments by Ochal, although there were Comment lines on the form.

1.    Complainant received a rating of 2 on each criterion, for a Final Rating of 2.

2.    Each of the three applicants hired on December 16, 1998 (Krawiec, Crosse, and Steele) received a rating of 4 on each criterion, for a Final Rating of 4.

3.    Of the remaining 17 forms, eight applicants received a rating of 3 for each for the two criteria, for a Final Rating of 3; and five applicants received a rating of 2 for each of the two criteria, for a Final Rating of 2.

7.    List of Painters in the Department of Aviation as of May 8, 2001, with race and hire dates. The list, entitled "EEOC Employee Listing as of 5/8/01, Title Code: 4634," shows that, as of May 8, 2001, 30 painters were employed in the Department of Aviation. Of those, 8 or 27% were African-American, 1 or 3% was Hispanic, and 21 or 70% were Caucasian. The list includes the names of Leonard Krawiec, Josephine Crosse-Sakota, and Barbara Steele, all with hire dates of December 16, 1998. It also shows that Michele Bibbiano (White) was hired on November 16, 1998. See Comparative Data below for additional details.



Case No. 99-E-27

8. **Application Correspondence.** On September 15, 1998, Respondent issued a form notice to Complainant that his name had been reached on the Eligible List for Painter and that there was a vacancy in the Department of Aviation for which he was being considered. On November 20, 1998, Respondent issued a letter informing Complainant that he was not selected for the position of Painter and that his name would be returned to the Department of Personnel's Eligible List. Other applicants considered at that time but not hired received comparable correspondence, all dated September 15 and November 20, respectively. Leonard Krawiec received a letter dated November 20 asking him to contact Respondent to confirm his interest in employment and to learn of employment procedures. Respondent did not provide comparable documents for Josephine Crosse or Barbara Steele.

9. **Documentation of Complainant's Prior Efforts.** Complainant submitted documents showing that he had made previous unsuccessful efforts to become a Painter. Included are:

   a. Letter from the Department of Personnel dated August 4, 1995, notifying Complainant that he was on the Painter eligibility list.

   b. Receipt, union card, and "To Whom It May Concern" letter showing Complainant's membership in the International Brotherhood of Painters and Allied Trades, AFL-CIO (Painters' District Council No. 14 and Painters Local Union #180) from approximately August 1995.

   c. Withdrawal Card certifying Complainant's withdrawal from the National Brotherhood of Painters and Allied Trades on January 31, 1997.

   d. Notice of consideration for a Painter vacancy in the Department of Aviation, dated April 16, 1997, and notice dated June 4, 1997, that Complainant was not selected.

   e. Letters dated June 11, 1997, to Mary Rose Loney, Aviation Commissioner, and Richard M. Daley, Mayor, complaining about not being hired as a Painter for the Department of Aviation (and other City Departments).

   f. Letter from Timothy McCarthy, Assistant Commissioner, to Complainant, undated but with Complainant's notation of August 13, 1997. McCarthy responds to Complainant's letter of June 11, 1997, and states in part:

      When a department posts a bid announcement for a permanent vacancy for a title that is represented by a Union, the bidding privileges are only for that Union's bargaining unit employees. Therefore, the Deaprtment of Aviation bid announcements on 7/18/96 and 1/30/97 were for members of that bargaining unit only....In some cases when a department does not receive any

9

qualified bids from bargaining unit employees, the department can request an eligibility listing of candidates for a position from the Department of Personnel. This eligibility list is made up of any candidate who is outside the bargaining unit, who has applied for a position (which you have done). Applications are scored and they are then placed on this list. The Department is then allowed to interview candidates and make selections on the most qualified applicants.

g.    Bid Announcements for Painter from the Department of General Services, listing an application period of June 16-July 1 1998, and from the Department of Water with submission deadline of September 24, 1998.    The Department of Water announcement bears the typewritten notation: "Be advised that only current City employees represented by Painters District Council 14 may bid on these positions."

10.    Response to Complainant's FOIA Request. In response to Complainant's request under the Freedom of Information Act, the City of Chicago Department of Personnel provided a list of Painters hired by City departments between January 1989 and December 1998, focused on the departments where Complainant had been considered for a position. The response documents submitted by Complainant did not identify the race of the persons hired.

10.    SUMMARY OF COMPARATIVE DATA, INCLUDING STATISTICS

A. Department of Aviation Painters employed on May 8, 2001. Of 30 Painters, 8 or 27% African-American, 1 or 3% Hispanic, and 21 or 70% Caucasian. The list is arranged in order of hiring.

| Name | Race | Hire Date |
| --- | --- | --- |
| Eugene Kraus | Caucasian | 06-16-74 |
| Charles Danner | African-American | 05-18-75 |
| Anthony Cummins | Caucasian | 04-02-79 |
| Edward Hefner | Caucasian | 04-10-79 |
| Julius McCoy | African-American | 05-21-80 |
| Edward Alexander | African-American | 11-16-84 |
| Leon Richardson | African-American | 06-10-85 |
| Roy Hayes Jr. | African-American | 09-19-87 |
| Louis Lencki III | Caucasian | 10-16-87 |

10



Case No. 99-E-27

| Name | Race | Hire Date |
|------|------|-----------|
| Arnell Scott | African-American | 07-18-88 |
| Arnold Cobi | Caucasian | 03-01-89 |
| Carlo Napolitano | Caucasian | 07-01-90 |
| Konstantinos Ress | Caucasian | 07-02-90 |
| Scott Sutcliffe | Caucasian | 07-13-90 |
| Robert Weiss | Caucasian | 09-07-90 |
| Manuel Villegas | Hispanic | 09-30-90 |
| Anthony Tummillo | Caucasian | 11-16-90 |
| Joseph Brown | African-American | 11-16-90 |
| Joseph Ustasiewski | Caucasian | 12-02-91 |
| Michael Gannon | Caucasian | 05-23-93 |
| Joseph Gabellini | Caucasian | 12-01-94 |
| Steven Venturini | Caucasian | 07-01-97 |
| Richard Egan | Caucasian | 07-01-97 |
| Mary Moreland | Caucasian | 7-01-97 |
| **Michele Bibbiano** | **Caucasian** | **11-16-98** |
| **Josephine Crosse-Sakota** | **Caucasian** | **12-16-98** |
| **Barbara Steele** | **Caucasian** | **12-16-98** |
| **Leonard Krawiec** | **Caucasian** | **12-16-98** |
| Arthur Landini | Caucasian | 08-01-99 |
| Theodore Jackson | African-American | 08-02-99 |

Case No. <u>99-E-27</u>

B.    Application Information for Complainant and Painters hired as of December 16, 1998:

| Name | Race | Education | Experience |
|------|------|-----------|------------|
| **Complainant** | A A | High School Graduate-1974<br><br>Washburne Trade School Diploma in Painting & Decorating-1980 | Painting Apprentice, Ebert Painting Co., 5 ½ years.<br>Painter, Levy Painting Co., 2 ½ years.<br>Painter, Stacy Burgess Gen. Contr., 8 ½ years.<br>Freelance painting and decorating, no time given.<br>Custodian, Dept. of Aviation, since December 1995 |
| Leonard R. Krawiec | C | High School Graduate-1953 | Truck driver, 27 ½ years.<br>Painter, Golub & Co., 3 years.<br>Painter, EnBee Painter, 4 years.<br>Building Maintenance, Lakeside, 2 years.<br>Painter, "Private Contractor," 2 years. |
| Josephine T. Crosse | C | High School Graduate-1978<br><br>30 college credits (semester)<br><br>Trade school courses in silk screen printing, spray painting, & computer design | Volunteer stage designer & painter, 4 years.<br>Antique restoration & gilding, including spraying of frames, mixing custom colors, color matching, distressing & other custom finishes, 8-9 years.<br>Habilitation aide & building manager, 1-2 years. |
| Barbara E. Steele | C | High School Graduate-1986<br><br>"J.A.T.C." 1995 - 1998<br>no courses or degree/certification stated | Application lists no job experience. Attached is a copy of a membership card in Painters' District Council No. 14, Chicago & Cook County Building & Construction Trades Council, showing membership for July, August, & September 1998. |

Key:    AA = African-American, C = Caucasian

12

Case No. 99-E-27

C. Ratings of applicants rated for a Painter position between September 15 & November 20, 1998.

| Name | Race | Job Experience Rating | Written Communication Rating | Final Rating[1] | Selected |
|------|------|------|------|------|------|
| Leonard R. Krawiec | Caucasian | 4 | 4 | 4 | Yes |
| Josephine T. Crosse | Caucasian | 4 | 4 | 4 | Yes |
| Barbara E. Steele | Caucasian | 4 | 4 | 4 | Yes |
| **Complainant** | **African-American** | **2** | **2** | **2** | **No** |
| Albert Blanton | Caucasian | 2 | 2 | 2 | No |
| Vincent Fus | Caucasian | 2 | 2 | 2 | No |
| John Zoepfel | Caucasian | 2 | 2 | 2 | No |
| Roger Nichelsen | Caucasian | 2 | 2 | 2 | No |
| Theodore Jackson | African-American | 2 | 2 | 2 | No |
| Joseph Villegas | Hispanic | 3 | 3 | 3 | No |
| Joseph Smith | Caucasian | 3 | 3 | 3 | No |
| Louis Mitchell | Caucasian | 3 | 3 | 3 | No |
| John Melendez | Caucasian | 3 | 3 | 3 | No |
| Brett Koss | Caucasian | 3 | 3 | 3 | No |
| Tom Kolodziejski | Caucasian | 3 | 3 | 3 | No |
| Michael Mathis | Caucasian | 3 | 3 | 3 | No |
| Camelo LaGioia | Caucasian | 3 | 3 | 3 | No |

[1] Rating Scale: 1= Far below requirement, 2= Slightly below requirement, 3=Meets requirement, 4= Slightly above requirement, 5=Far above requirement. Each of the two criteria rated (Job Experience and Written Communication Skills) had a weight of 2, that is, each criterion was given equal weight.



Case No. <u>99-E-27</u>

10.   <u>DETERMINATION</u>

(_X_)-Substantial Evidence.

Complainant alleges that he was not hired as a Painter by Respondent because of his race, African-American. Respondent contends that Complainant was not the best-qualified for the position and that race was not a factor in the selection process for Painters.

The job description for a Painter requires completion of an approved apprentice training program in painting supplemented by experience as a journeyman. It also details several additional "desirable minimum qualifications," including:

- Knowledge of painting techniques and methods.
- Knowledge of painting tools, equipment and materials and their proper application.
- Ability to do work on ladders and scaffolds.
- Physical ability to lift and move painting equipment.
- Ability to perform skilled painting work.
- Ability to operate truck mounted spray units or gravity machine equipment.
- Considerable skill in mixing paint for appropriate consistency and color.
- Skill in the use of painting tools and materials.

Respondent's Hiring Criteria Rating Form, on the other hand, showed that it rated on the basis of only two criteria:

- Previous job experience.
- Written communication skills sufficient to complete daily logs.

The first rating criterion is vague and not even focused on the specific knowledge and skills sought in a Painter as detailed in the job description. The second rating criterion is nowhere mentioned in the job description and appears to be of minimal significance to successful performance as a Painter, even though it is weighted to form half the basis for the Final Rating.

Neither of the two officials responsible for selecting Painters could articulate any more specific hiring standards which they utilized in evaluating Painter candidates, beyond choosing the "most qualified" candidate and deciding based on "facts" rather than emotions. Neither could state why Complainant was rated at the 2 level and subsequently not selected for a Painter position. Respondent was unable to supply any additional documentation explaining why it decided to give a ratings of 4 and then offer employment to the three Caucasian individuals hired on December 16, 1998. Not one of the Hiring Criteria Rating Forms for the three who were hired, or for the other 13 who were rejected, contained any notations explaining how the candidates were distinguished from one another in the evaluation process. None of the Hiring Criteria Rating Forms even gives a different numerical rating to a candidate for each of the stated hiring criteria.

14

Review of Complainant's written application, in comparison to the written applications of the three candidates who were selected, does not provide any explanation why Complainant received a much lower rating. Complainant presented his diploma in Painting and Decorating from Washburne Trade School and was the only candidate who clearly documented that he had formal training in the type of painting work likely to be done at the Department of Aviation (consistent with the stated requirement in the job description). He also claimed 15 ½ years of painting experience as well as some free-lance experience.    Candidate Krawiec, who was part of the same interview round as Complainant, had a number of years of job experience as a truck driver but claimed only nine years of painting experience (plus two years of building maintenance experience). Candidate Crosse claimed up to 13 years of experience in the art, theater, and antiques arenas as well as some trade school study, but her painting experience did not appear to have been full time nor did her experience appear clearly related to the stated duties and qualifications of a Painter at the Department of Aviation. Candidate Steele's application material, as submitted by Respondent, mentioned what may be a technical school ("J.A.T.C.") but with no details as to the program of study or diploma received. Moreover, it stated no work experience at all but merely included a copy of a current painters' union card. From this information it would appear that Complainant had more job-related experience than any of the three Caucasian candidates selected; it is not at all obvious that any of the other three were more qualified.

In short, Complainant has established that he is African-American, that he applied for a Painter position in September 1998 and was found qualified, and that at least three Caucasian individuals were hired while his application was pending who do not appear to be as well-qualified as he is. Respondents have failed to articulate and provide evidentiary support for any legitimate, non-discriminatory reason for selecting any of the three Caucasian candidates rather than Complainant.

The investigation also revealed that, as of May 2001, 70% of Respondent's Painters were Caucasian. Moreover, none of the current Painters whom Respondent had hired between 1991 and the end of 1998 were African-American, suggesting that all Painters hired during almost a decade were Caucasian.  Respondent acknowledged that all of the six Painters it hired in 1997 and 1998 were Caucasian.

For these reasons, the Commission finds substantial evidence of discrimination on the basis of race.