

**FILED**

APR 1 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 1 8 2008

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**PAID**

RECEIPT # 4624001110

APR 1 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiff(s)

Zachary A. McGRaw

v.

City of Chicago

Defendant(s)

Case No. #07CV:6481
Judge Gettleman

## NOTICE OF APPEAL

I, the plaintiff, discovered that case #07CV:6481 for "Unlaw Politi-
cal Discrimination" was filed in error by the office of the clerk.
The case was filed "prose" and should have been filed "case paid for".
#350.00

I was told I have the right to file a motion to re-open this case
that was assigned to judge Zagel, then transfered to judge Gettle-
man, because judge Zagel thought this case was a late E.E.O.C charge
and dismissed it, then "vacated his decision", which was made in
error. On April 1, I filed a motion to re-open under rule 60b, judge
Gettleman on April 17,2008 ruled against "motion to re-open under
rule 60b". Saying even though mistakes and errors have been made I'm
not going to put unlawful political discrimination case into status
hearing".

I'm only standing up for my rights as a law abiding citizen of this
great cityof Chicago. I have been hurt greatly by the city"s hiring
scam and I am still the most qualified for the job I sought legally
andawas denied. The people that got in the illegally are still em-
ployed, and I stand outside and cry for justice. I "opted Out" of
the Shakman settlement with the city because I want my "painter's job".

I'm asking the Court of Appeals to rein-state case #07CV:6481 back
to status hearing position. I have paid #455.00 to have my case
heard. Copies and Report paper are in complaint.

Zachary McGraw JR
1817 N mobile
Cheiago IL 60639

Thank You

Zachary A McGraw JR
Zachary A McGraw JR

# RULE 60

## RELIEF FROM JUDGMENT OR ORDER

**(a) Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

[Amended effective March 19, 1948; October 20, 1949; August 1, 1987.]

Federal Pratice and Proceedure

History And Purpose Of Rule A. In General (2851 Rule60)

2851. Rule 60 regulates the proceedures by which a party may

obtain relief from a final judgement, it was derived from a number

of sources, including Equity Rule 72, the statutes of various

states, and Federal decisions.

1.  The rule is designed to remove uncertainties and historical
    limitations of ancient remedies while preserving all of the
    various kinds of relief that were afforded.

2.  The Rule "does not assume to define the substantive ground
    for vacating judgements".  But merely prescribes the pratice
    in proceedings to obtain relief.

3.  The Rule attempts to strike a proper bllance between the
    conflicting principles that litigation must be brought to
    an end and that Justice should be done.

4.  Prior to the adoption of the Federal Rules, the courts has
    power to give relief from a Judgement durning the term in which
    it was entered.

5.  Thereafter, reldef was available under a bewildering variety
    of writs and equitable remedies, "shrouded in ancient lore
    and mystery".

6.  Rule 60(b) as originally adopted provided a simple rememdy
7.  by motion to set aside a Judgement on the ground of mistake,
    inadvertence, suprise, or excusable neglect.   Since, the
    Rule as it then stood, also contained a provision that it "does
    not limit the power of a court to entertain an action to re-
    lieve a party from a Judgement, order, or proceeding.

8.  Rule(60 A), which sestates the ancient priciple that clerical
    mistakes may be corrected at any time, was preserved with only
    one slight change in the 1948 amendment of the Rules.

9.  Rule (60B),was extensively revised in accordance with the pre-
    mise that "The Rulesshould be complete in this respect and
    define the pratice with respect to any exiting right, or reme-
    dies to obtain relief from final Judgement."

(continued from #7, SEE #7 upper)

The accepted view was that this left the door open to use the
old ancillary remedies to challenge Judgements on other than
the four grounds than specifically listed in the Rule.

Case 07cv06481

UNITED STATES DISTICT COURT
NORTHEAD Distict OF ILLINOIS
EASTERN DIVISION

Thu Nov 15 15:18:22 2007

UNITED STATES DISTRICT COURT
CHICAGO          , IL
Receipt No.   106:50970
Cashier        davidj

D# Code     Div No
4684          1

Sub Acct Type Tender        Amount
1:510000   W     1        190:00
2:086900   W     1         60.00
3:086400   W     1        100.00

Total Amount        $    350.00

NEW CASE  07CV6481  ZACHARY MCGRAW
JR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ZAchary A. McGraw

**PLAINTIFF**

VS.

City OF chicago

**DEFENDANT**

Judge Gettleman

Case NO. 0:7 CV-06481

# RECEIVED

APR - 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF MOTION

TO: Timothy L. Swabb
City oF chicago IL
Law Dept. caunsel corporation
3O N. LASAlle ST. suite 1020
On __April -17__, 08, at __9:15__ a.m. / p.m. or as soon thereafter as
counsel may be heard, I shall appear before the Honorable __Judge Gettleman__ in
Courtroom __1703__ at the United States District Court Northern District of Illinois, Eastern Division,
219 South Dearborn Street, Chicago, Illinois, and present __MOTION FoR Leave__
__MOTioN To Re-opeN uNder Rule 60'B.__
__ANd To reinsTaTe case__
__To sTaTus heaning with__
__Case 1:07-cv-0414 sTill pending__

Name __ZAchary A MCgrawSR__
Address __1817 N moBile__
City / Zip __Chicago, IL__
Telephone __773-237-3788__

RECEIVED
CORPORATION COUNSEL
LABOR DIV.-CHICAGO
08 APR -1 PM 3:49
BY

## PROOF OF SERVICE

I, the undersigned (plaintiff / defendant), certify that on the __1__ day of __April__, 08
I served a copy of this notice to each person whom it is directed by way of __iN persoN__

__Zachary A McgrawSR__
SIGNATURE / CERTIFICATION

__4-1-08__
DATE

RECEIVED

MAR 1 7 2008

JUDGE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Plaintiff(s)

Zachary A. McGraw

Case No.   O7CV=6481

V.

Defendant(s)

City of Chicago

Judge: Gettleman

Motion For Leave
Motion To Reopen

I the plaintiff, discovered that case #O7CV0648
for unlawful political discrimination was filed
in error by the office of the Clerk of the
Court. The case was filed prose and
should have been filed case paid for.

I was told I have the right to file a Motion
to re-open this case that was assigned to
Judge Zagel, then transferred to Judge
Gettleman. because Judge Zagel thought
this case was a late E.E.O.C. charge and
dismissed it, then vacated his decision

which was made in error. However, Judge
Gettleman also said this case was untimely,
which it is not, but denied it because he
said I did not have any allegations. Clerk
of the Court told me this case will be heard be-
cause this case was paid for.

By the rule of the Court for Opt'Out
of a class action case. Rules of
the court are included in this
motion along with allegations.

Class Actions And Other
Multi-Party Litigations.
Notice of Opt-Out Rights
And Communications with Class Members.

In addition to requiring notice in rule
23(6)(3) classes, Rule 23(c)(B) also require
that Rule 23(6)(3) Class members be given
an opportunity to Opt'out.
Apart from meeting the mechanical and
timing requirements of the notice it self,
a class member need not meet any standard
in order to opt'out.

For example, the class member need not
provide an explanation for his or her decision
to opt'out.

Opt'out rights serve two related functions. (First) a class member's failure to Opt out indicates consent to the jurisdiction of the Court <u>and</u> consent to be bound by the court's judgement, at least if the class has been adequately represented.

(Second), Opt out rights provide procedural protection to class members who desire to pursue their claims individually. Courts usually allow 30 to 60 days for a class member to Opt out of the Class.

Opt-out papers, returned by class members are usually filed with the courts. Courts have discretion to allow Opt Outs that were not filed in a timely manner, although normally a court should require good cause for deviating from the deadline set forth in the notice.

(4)

## Allegations:

1. Timothy J. McCarthy, Knowingly and willingly participated in City Corruption and hiring scam, motivated by political considerations. As assistant commissioner he approved hiring in 1997 and 1998 for the Dept. of aviation. Each

2. Complainant sent letter to commissioner inquiring why I wasn't promoted. He replied stating I was not the most qualified in 1997 and in 1998. He hired persons outside the City's work force

3. Mr. McCarthy hired people without credentials which is against the City's hiring policy.

4. allowing people on list as eligible who were not qualified. To Be approved To Be hire.

5. ON Hiring criteria Rating Form on interview Report in (1998) KRAWICC LEONARD, CROSSE JOSEPHINE, STEELE BARBARA got A higher criteria Rating Then I did and didn't even go To Trade school OR have credentials. Going against city policy.

6. allegations USTasiewski JOSEPH
was promted without credentials
From one Dept Two The Next Dept
STOP me From being promted From
one Dept Two The Next Dept with
credentials going against city policy
and hire Twice McDaniel RicHard
without haven credentials
motivated by political considerations

7. (1997) hire EGAN RicHard, VENTURINI STEVE
and THEODORE Jackson OVER ME (1999)
With LESS credenTials. motivated
Political considerations

8. Judge Ruben castillo said
in 2002 come Back IF you
can Find How That got in
The city oF chicago workForce
in Judge Back chambleR before
APP. counseL and city LawyeR
I did Because oF The Shakman case
Being settle by The city mayor
and city counciL. FoR victims rigged hirin

allegations

9. Department of Human Resource said all are qualifications for painter statement of eligibility completion of an approved apprentice Training program in painting with Journey status. Flase and misleading Going agains't city policy Motivated by political considerations

10. The city policy STATE equal OPPORTUNITY EMPLOYER and zero Tolerance of discrimination of any type.

11. That why CasE .07CV6481. To Be put on STATUS hearing Settlement talk and reinstate Back To painter promotion.

12. MILLER SHAKMAN +BEEM LLP ATToRNeys did'nt Need ME iN TheiR case. But Thank ME FoR my iNFormation.

13. I did THE Right Thing FoR my Family oF opt'out FoR The painteR JoB. and all The hurt and PaiN iN The NAME oF Justices.

Thank YOU

Zachary A McgRaw Jk



received
9/27/07 –
FORM 1

# OPT-OUT REQUEST FORM

## AGREED SETTLEMENT ORDER AND ACCORD
Entered In Shakman, et al. v. Democratic Organization of Cook County, et al.
(the "Shakman Case")

Date: __9-27-07__

Noelle C. Brennan
Shakman Decree Monitor
Brennan & Monte, Ltd.
20 S. Clark
Suite 1530
Chicago, IL 60603

Name: __ZAchary A McGraw SR__

Address: __712 N. Trumbull__
__Chichago, IL 60624.__

Telephone: __773-237-3788__

Check the Class(es) to which you belong (failure to identify a class has no effect on your right to assert a claim in any capacity in any subsequent litigation.):

____ Current City Employee
__X__ Former City Employee
__X__ Applicant for Employment with the City
____ Candidate for Public Office
____ Registered Voter

I wish to be excluded from membership in the settlement classes in this case.

__Zachary A McGraw Sr__
(Signature)

# MILLER SHAKMAN & BEEM LLP

### ATTORNEYS AND COUNSELORS

180 NORTH LA SALLE STREET
SUITE 3600
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 263-3700
FAX (312) 263-3270

July 3, 2007

WRITER'S DIRECT LINE

(312) 759-7245

**Via U.S. Mail**
Zachary McGraw
712 N. Trumbull
Chicago, IL 60624

Dear Zachary McGraw:

I am writing because you previously contacted our office regarding patronage practices by the City of Chicago. As we stated before, we do not represent you individually. For legal advice and assistance you will need to find another attorney.

We do represent several named individuals and a class of individuals generally in a lawsuit against the City known as the Shakman case. There has been a settlement in that case. If you have been the victim of political discrimination by the City, you may be able to collect up to $100,000 out of a $12 million fund created for such victims. To do so, you will need to obtain a claim form (enclosed), complete it, and submit it to the Shakman Decree Monitor, Noelle Brennan, before September 28, 2007. Claim forms are also available on-line at www.shakmanmonitor.com or in City Hall, Room 100, 121 N. LaSalle St., Chicago, Illinois. The monitor's number is 312-750-0750. You are not required to hire an attorney to fill out a claim form. If you need assistance filling out the claim form, one of the attorneys on the enclosed list may be able to help.

Alternatively, you have the right to "opt-out" of the settlement and file your own individual lawsuit instead. To do so, you will need to file an opt-out form (enclosed) before September 28, 2007. Whether it is in your best interest to participate in the settlement or to opt-out is up to you and your attorney.

Thanks again for contacting us with helpful information and good luck with your claims.

Sincerely,

*Next page*

Fredrick E. Vars

Encls.

Exhibit III.C

# ACCORD OPT-OUT REQUEST PROCEDURES

### Pursuant to the

## AGREED SETTLEMENT ORDER AND ACCORD ("ACCORD")
Entered in Shakman, et al. v. Democratic Organization of Cook County, et al.
(the "Shakman Case")

### OPT-OUT REQUEST FORMS (Form 1) MUST BE RECEIVED
### BY THE SHAKMAN DECREE MONITOR
### BY SEPTEMBER 28, 2007

If you believe that you have been subjected to unlawful political discrimination in connection with hiring, promotion, overtime or any other aspect of employment with the City of Chicago prior to May 31, 2007 (the date of final approval of the Accord), you may have a claim for damages and/or injunctive relief against the City of Chicago.

The Accord creates a new claim process for anyone who believes that s/he was subjected to unlawful political discrimination between January 1, 2000 and May 31, 2007 (the date of final approval of the Accord). For details regarding the Accord Claim process, please review Section III of the Accord and the Accord Claim Procedures which are posted on the Shakman Decree Monitor's website, www.shakmanmonitor.com.

Not all class members are eligible to submit an Accord Complaint under Section III of the Accord. If you are in one of the groups described below and would like to pursue any claim of unlawful political discrimination you may have against the City of Chicago, you must submit an Opt-Out Request Form (Form 1) or your claim will be waived.

1.   If your Claim involves alleged unlawful political discrimination that took place <u>before</u> January 1, 2000.

2.   Relief under the Claim Process is limited to monetary awards. No injunctive relief, such as reinstatement or promotion, is available through the Accord Claim Process. Such injunctive relief may be available through a legal action filed in a court of law. If you would like to pursue injunctive relief, you must submit an Opt-Out Request Form (Form 1) to the Shakman Decree Monitor before September 28, 2007.

The Court will exclude from the classes any Class Member who requests exclusion. If you want to be excluded from the classes, you must give written notice of your intent to opt-out of the classes by submitting an Accord Opt-Out Request Form (Form 1) to the Shakman Decree Monitor. If you elect to pursue a remedy outside of the Accord you should act quickly to protect whatever rights you may have.

Exhibit III.D

# ACCORD CLAIM PROCEDURES

### Pursuant to the

## AGREED SETTLEMENT ORDER AND ACCORD ("ACCORD")
**Entered in *Shakman, et al. v. Democratic Organization of Cook County, et al.*
(the "Shakman Case")**

### COMPLETED ACCORD CLAIM FORMS (Form 2) AND RELEASE OF CLAIMS AGAINST THE CITY OF CHICAGO FORMS (Form 3) MUST BE RECEIVED BY THE SHAKMAN DECREE MONITOR BY SEPTEMBER 28, 2007

If you believe that you have been subjected to unlawful political discrimination in connection with hiring, promotion, overtime or any other aspect of employment with the City of Chicago *between January 1, 2000 and May 31, 2007* (the date of final approval of the Accord), you may submit a completed Accord Claim Form (Form 2) to the Shakman Decree Monitor to be considered for possible money damages.

**Completed Accord Claim Forms (Form 2) and Release of Claims Against the City of Chicago Forms (Form 3) must be received by the Shakman Decree Monitor by September 28, 2007 (the "Claim Deadline").**

**Send completed Accord Claim Forms and a signed Release of Claims Against the City of Chicago to:**

> Noelle Brennan
> Shakman Decree Monitor
> Brennan & Monte, Ltd.
> 20 S. Clark
> Suite 1530
> Chicago, IL 60603

## Submitting an Accord Claim Form does not guarantee a monetary award.

### I.    Am I Eligible to File an Accord Claim?

You may submit an Accord Claim Form (Form 2) if (1) you applied for a job or had a job with the City of Chicago and (2) you believe that you were subjected to unlawful political discrimination in connection with any employment decision by the City of Chicago that occurred **between January 1, 2000 and May 31, 2007.**

"Employment decision" includes, but is not limited to, any decision involving hiring, firing, promotion, job assignment, transfer, disciplinary action and overtime.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6481 | **DATE** | 1/16/2008 |
| **CASE TITLE** | Zachary McGraw vs. City of Chicago, Department of Aviation | | |

**DOCKET ENTRY TEXT**

**RECEIVED**

Plaintiff's motion not to dismiss is denied.

JAN 23 2008

Chief Judge James F. Holderman
United States District Court

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Zachary McGraw filed a pro se complaint for employment discrimination alleging that his former employer, the City of Chicago Department of Aviation, failed to promote him to a painter position because of his race and in retaliation for having filed a previous race discrimination case against the City. Judge Zagel, to whom this case was originally assigned, granted plaintiff leave to proceed in forma pauperis, but dismissed the suit as frivolous because it was filed well over a year after plaintiff received his 90 day notice of a right to sue from the EEOC. Plaintiff then filed a "Motion Not to Dismiss," which Judge Zagel apparently construed as a motion to vacate the dismissal and took under advisement. The case was then transferred to this court as related to Case No. 07 C 0414 in which plaintiff raises the same discrimination claims against the City.

In his "Motion Not to Dismiss" plaintiff appears to argue that because he has "opted out" of the settlement in Shakman v. Democratic Organization of Cook County, et al., No. 69 C 2145, the case should not be dismissed. The instant complaint, however, contains no allegations of political discrimination which is the basis of the Shakman settlement. Accordingly, because Case No. 07 C 6481 is untimely and duplicative of Case No. 07 C 0414 plaintiff's Motion Not to Dismiss is denied.

| | Courtroom Deputy Initials: | GS |
|---|---|---|

07C6481 Zachary McGraw vs. City of Chicago, Department of Aviation

Page 1 of 1





**UNITED STATES DISTRICT COURT**

NORTHERN DISTRICT OF ILLINOIS

219 SOUTH DEARBORN STREET

CHICAGO, ILLINOIS 60604

CHAMBERS OF
**JAMES F. HOLDERMAN**
CHIEF JUDGE

January 30, 2008

TELEPHONE
312-435-5600

Mr. Zachary A. McGraw, Jr.
1817 North Mobile
Chicago, Illinois 60639

                    Re:     McGraw v. City of Chicago et al (07 C 414)
                              McGraw v. The City of Chicago et al (07 C 6481)

Dear Mr. McGraw:

       I am in receipt of your letter dated January 23, 2008. I have forwarded your letter to Judge Robert W. Gettleman, who is the presiding judge. He is the appropriately assigned judge to address any further questions you may have regarding case numbers 07 C 414 and 07 C 6481.

       Should you wish to allege a complaint of judicial misconduct against any judge of the district or appellate court, you may follow the procedures set out in 28 U.S.C. § 351. Information and a complaint form may be found on our website at www.ilnd.uscourts.gov. Open the section labeled "Judges" and scroll down to the bottom where you will find the information and form. You can also obtain the complaint form by going to the website of the Court of Appeals: www.ca7.uscourts.gov. Open the "Forms" category and scroll down until you find a section labeled "Judicial Misconduct or Disability Complaint."

       If you do not have access to a computer, you can come to the desk of the Clerk on the 27th floor of the Dirksen Federal Courthouse and obtain the complaint form in person. The people at the desk will try to answer any questions you may have.

                                    Sincerely,

                                    James F. Holderman

JFH:sj
cc w/enc.:    U.S. District Judge Robert Gettleman



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5068 0695

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Mr. Zachary A. McGraw
1817 N. Mobile
Chicago, IL  60639

October 24, 2006

*Judge Gettleman*
*1:07 cv - 0414*
*This is his case*

Re:  EEOC Charge Against City of Chicago, Aviation Dept.
     No. 440200609158

Dear Mr. McGraw:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you have
specifically requested this Notice, you are hereby notified that you
have the right to institute a civil action under Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.,
against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.  If you cannot afford or are unable to retain an
attorney to represent you, the Court may, at its discretion, assist
you in obtaining an attorney.  If you plan to ask the Court to help
you find an attorney, you must make this request of the Court in the
form and manner it requires.  Your request to the Court should be
made well before the end of the time period mentioned above.  A
request for representation does not relieve you of the obligation to
file suit within this 90-day period.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Chicago District Office, EEOC
     City of Chicago, Aviation Dept.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6481 | **DATE** | December 18, 2007 |
| **CASE TITLE** | ZACHARY A. McGRAW, JR. v. THE CITY OF CHICAGO, DEPARTMENT OF AVIATION | | |

**DOCKET ENTRY TEXT:**

    Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The case is dismissed as frivolous.

### STATEMENT

    On November 15, 2007, Plaintiff sought leave to proceed *in forma pauperis*. I have reviewed the information submitted in conjunction with that motion, and leave is hereby granted.

    However, I am dismissing Plaintiff's suit as frivolous. A right to sue letter was issued to Plaintiff in October 2006. The letter stated: "If you choose to commence a civil action, such suit must be filed in the appropriate court *within 90 days of your receipt of this Notice*." (Emphasis added). Yet, Mr. McGraw waited more than a year—until November 15, 2007— before filing his complaint in this Court. Accordingly, Plaintiff's suit is dismissed as frivolous.

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
### Eastern Division

Zachary A McGraw Jr

                                    Plaintiff,

v.                                                              Case No.: 1:07–cv–06481
                                                                Honorable James B. Zagel

The City of Chicago, et al.

                                    Defendant.

_____

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, January 8, 2008:

      MINUTE entry before Judge James B. Zagel :Motion hearing held on 1/8/2008
regarding motion not to dismiss plaintiff's complaint.[7] 7The Court will rule by mail as to
MOTION by Plaintiff Zachary A McGraw, Jr., not to dismiss. [7] Mailed notice(tlp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

COX, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:07-cv-06481

| | |
|---|---|
| McGraw v. The City of Chicago et al | Date Filed: 12/18/2007 |
| Assigned to: Honorable Robert W. Gettleman | Date Terminated: 12/18/2007 |
| Cause: 42:1983 Civil Rights (Employment Discrimination) | Jury Demand: Plaintiff |
| | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Zachary A McGraw, Jr**              represented by  **Zachary A McGraw, Jr**
                                                     (773) 237-3788
                                                     1817 North Mobile
                                                     Chicago, IL 60639
                                                     (773) 533-8079
                                                     PRO SE

V.

**Defendant**

**The City of Chicago**

**Defendant**

**Dept. of Aviation**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/15/2007 | 1 | COMPLAINT filed by Plaintiff Zachary A McGraw, Jr. (Exhibits). (Poor quality original. Paper document on file). (ar, ) Modified on 11/16/2007 (ar, ). Modified on 3/14/2008 (mb, ). (Entered: 11/16/2007) |
| 11/15/2007 | 2 | CIVIL Cover Sheet. (ar, ) (Entered: 11/16/2007) |
| 11/15/2007 | 3 | APPLICATION by Plaintiff Zachary A McGraw, Jr. for leave to proceed in forma pauperis and financial affidvit (Exhibits). (ar, ) (Entered: 11/16/2007) |
| 11/15/2007 | 4 | MOTION by Plaintiff Zachary A McGraw, Jr. for appointment counsel. (ar, ) (Entered: 11/16/2007) |
| 11/15/2007 | 5 | PRO SE Appearance by Plaintiff Zachary A McGraw, Jr. (ar, ) (Entered: 11/16/2007) |
| | | |

| 12/18/2007 | 6 | MINUTE entry before Judge James B. Zagel : Plaintiff's motion for leave to proceed in forma pauperis 3 is granted. The case is dismissed as frivolous. Civil case terminated. (mb, ) (Entered: 12/19/2007) |
|---|---|---|
| 12/21/2007 | 7 | MOTION by Plaintiff Zachary A McGraw, Jr., not to dismiss (Exhibits). (ar, ) (Entered: 12/26/2007) |
| 12/21/2007 | 8 | NOTICE of Motion by Plaintiff Zachary A McGraw, Jr., for presentment of his motion not to dismiss 7 before Honorable James B. Zagel on 1/8/2008 at 10:15 AM. (ar, ) (Entered: 12/26/2007) |
| 01/08/2008 | 9 | MINUTE entry before Judge James B. Zagel :Motion hearing held on 1/8/2008 regarding motion not to dismiss plaintiff's complaint. 7 7The Court will rule by mail as to MOTION by Plaintiff Zachary A McGraw, Jr., not to dismiss. 7 Mailed notice (tlp, ) (Entered: 01/08/2008) |
| 01/10/2008 | 11 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge Robert W. Gettleman for all further proceedings. Signed by Executive Committee on 1/10/08. (mb, ) (Entered: 01/16/2008) |
| 01/11/2008 | 10 | MINUTE entry before Judge Robert W. Gettleman: Status hearing set for 1/17/2008 at 09:00 a.m.Mailed notice (gds, ) (Entered: 01/11/2008) |
| 01/16/2008 | 12 | MINUTE entry before Judge James B. Zagel : Status hearing set for 1/17/2008 at 9:00 AM.Mailed notice (drw, ) (Entered: 01/16/2008) |
| 01/16/2008 | 13 | MINUTE entry before Judge Robert W. Gettleman : Plaintiff's motion not to dismiss 7 is denied. Mailed notice (mb, ) (Entered: 01/17/2008) |
| 01/17/2008 | 14 | MINUTE entry before Judge Robert W. Gettleman: Status hearing held on 1/17/2008.Mailed notice (gds,) (Entered: 01/18/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/17/2008 10:03:19 | | |
| PACER Login: | lla0033 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:07-cv-06481 |
| Billable Pages: | 1 | Cost: | 0.08 |

CASREF, MASON

## United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.1.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00414

McGraw v. City Of Chicago et al
Assigned to: Honorable Robert W. Gettleman
Referred to: Honorable Michael T. Mason
         Honorable Michael T. Mason (Settlement)
Cause: 28:1331 Fed. Question: Employment Discrimination

Date Filed: 04/04/2007
Jury Demand: Both
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Zachary A McGraw, Jr**         represented by   **Zachary A McGraw, Jr**
                                                     1817 North Mobile
                                                     Chicago, IL 60639
                                                     (773) 237-3788
                                                     PRO SE

V.

**Defendant**

**City Of Chicago**           represented by   **Timothy L. Swabb**
                                                       City of Chicago, Law Department
                                                       30 North LaSalle, Suite 1020
                                                       Chicago, IL 60602
                                                       (312) 744-7630
                                                       Email: tswabb@cityofchicago.org
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Valerie Deples Harper**
                                                       City of Chicago, Law Department
                                                       30 North LaSalle Street
                                                       Suite 1020
                                                       Chicago, IL 60602
                                                       (312) 744-5100
                                                       Email: vharper@cityofchicago.org
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Depart. of Aviation**

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| | | |
|---|---|---|
| | | final extension of time to 11/13/2007 to respond to the motion to dismiss. Reply is due by 11/30/2007. Mailed notice (lcw, ) (Entered: 09/20/2007) |
| 11/14/2007 | 53 | REPLY by Plaintiff to defendant's motion to dismiss reconsider of race employment discrimination and of retaliation case to reinstate. (lcw, ) (Poor quality original - Paper document on file.) Modified on 11/16/2007 (lcw, ). (Entered: 11/16/2007) |
| 11/14/2007 | 54 | REPLY by Plaintiff to defendant's response to motion to dismiss. (lcw, ) (Poor quality original - Paper document on file.) Modified on 11/16/2007 (lcw, ). (Entered: 11/16/2007) |
| 11/30/2007 | 55 | REPLY by Defendant City Of Chicago *In Support Of Partial Motion To Dismiss* (Swabb, Timothy) (Entered: 11/30/2007) |
| 01/03/2008 | | Motions No Longer Referred: MOTION by Plaintiff Zachary A McGraw, Jr to dismiss 30 , MOTION by Defendant City Of Chicago to dismiss *(Partial Motion) McGraw's Complaint of Employment Discrimination* 24 (lxs, ) (Entered: 01/03/2008) |
| 01/11/2008 | 56 | ORDER entered, signed by Judge Gettleman on 1/11/2008. The Dept. of Aviation is dismissed as a party defendant. Defendant City of Chicago's partial motion to dismiss 24 is granted. The only claim remaining is plaintiff's claim that he was denied a painter's position in retaliation for having previously filed an EEOC charge. Status hearing is set for 1/17/2008, at 9:00 a.m. Mailed notice (gds,) (Entered: 01/11/2008) |
| 01/17/2008 | 57 | MINUTE entry before Judge Robert W. Gettleman : Status hearing held. Status hearing continued to 1/31/2008, at 9:00 a.m. Mailed notice (lcw, ) (Entered: 01/23/2008) |
| 01/31/2008 | 58 | MINUTE entry before Judge Robert W. Gettleman: Status hearing held on 1/31/2008. Discovery ordered closed 5/29/2008.Status hearing set for 5/29/2008 at 09:00 a.m.Mailed notice (gds,) (Entered: 02/05/2008) |
| 02/05/2008 | 59 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Magistrate Judge Michael T. Mason for the purpose of holding proceedings related to: discovery supervision and settlement.(gds, ) Mailed notice. (Entered: 02/05/2008) |
| 02/05/2008 | 60 | MINUTE entry before Judge Michael T. Mason : This case having been referred to Magistrate Judge Mason, an initial status hearing is set for 2/21/08 at 9:00 a.m. in courtroom 2214. No status report is required. (kef, ) (Entered: 02/05/2008) |
| 02/21/2008 | 61 | MINUTE entry before Judge Michael T. Mason :Magistrate Judge Status hearing held on 2/21/2008. Settlement Conference set for 4/8/2008 at 02:00 PM in courtroom 2214. Parties are to abide by this Court's Standing Order for Settlement Conference. Plaintiff to submit his settlement demand letter to defendant's counsel no later than 3/25/08. Defendant to submit its response letter to plaintiff no later than 4/1/08. Defendant's counsel to submit copies of both letters to chambers, room 2206, by 4/3/08. (kef, ) (Entered: 02/21/2008) |
| | | |